

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Jno. Q. McAdams,
Commissioner,
State Department of Banking
Austin, Texas

Dear Mr. McAdams:  Opinion No. O-5894

Re: Discretionary authority of
the Commissioner of Banking to
approve plans submitted by cor-
porations operating under Arti-
cle 1524a with respect to insur-
ance policies in connection with
mortgage loans pledged through a
corporate trustee.

Your inquiry touching the above subject-matter
is as follows:

"The Investors Syndicate and Investors
Syndicate of America, Inc., domiciled in
Minneapolis, Minnesota are authorized to do
business in Texas pursuant to the provisions
of Article 1524a. Each of the corporations
named is regularly examined by representa-
tives of this department.

"In connection with a recent examination
a question arose regarding the discretionary
authority of the Commissioner in respect to
a proposed amendment to a trust agreement
filed by subject corporation which would per-
mit said corporation to furnish insurance
policies in connection with mortgage loans
pledged as collateral security and held by a
corporate trustee of this state, containing
a loss payable clause in favor of the Invest-
ors Syndicate or its assigns. Our letter of

date January 13th which is attached touches upon the subject matter.

"We are also enclosing two original letters received from Mr. Edward M. Burke, Assistant to General Counsel for subject corporation, one dated February 18th and another dated February 21st, the latter suggesting an alternative plan which embraces a certification as to insurance coverage being maintained in connection with a given loan.

"We should like advice as to whether or not the Commissioner in his discretion could approve either one of the plans submitted by Mr. Burke. * * *."

Section 7 of Article 1524a, Vernon's Civil Statutes, dealing with loan and brokerage companies, insofar as pertinent, is as follows:

"All bonds, notes, certificates, debentures, or other obligations sold in Texas by any corporation affected by a provision of this Act shall be secured by securities of the reasonable market value, equaling at least at all times the face value of such bonds, notes, certificates, debentures or other obligations. If such corporation sells in Texas bonds, notes, certificates, debentures or other obligations upon which it receives installment payments, such bonds, notes, certificates, debentures and other obligations shall be secured at all times by securities having the reasonable market value equal to the withdrawal or cancellation value of such obligations outstanding. Said securities shall be placed in the hands of a corporation having trust powers approved by the Banking Commissioner of Texas as Trustee under a trust agreement, the terms of which shall be approved in writing by the Banking Commissioner of Texas, or at the option of any such corporation which sells in Texas bonds, notes, cer-

tificates, debentures or other obligations
upon which it receives installment payments,
such corporation may upon application to,
and approval by, the Banking Commissioner
of Texas deposit securities having a reason-
able market value equal to the withdrawal
or cancellation value of such obligations
outstanding with the State Treasurer of
Texas in lieu of such deposits with a Trus-
tee as set forth hereinabove, provided that,
in the event such deposit is made with the
State Treasurer of Texas in lieu of such
Trustee:  (1) Such corporation shall file a
certified statement of reserve liability
and detailed list of securities so deposit-
ed, semi-annually with the Banking Commiss-
ioner of Texas, which certification shall be
made by a Certified Public Accountant, who
shall be approved by and be satisfactory to
the Banking Commissioner.  The corporation
shall pay a fee of Fifteen ($15.00) Dollars
for filing each such statement.  (2) Said se-
curities shall be deposited with the State
Treasurer under a trust agreement, the terms
of which shall be approved by the Banking
Commissioner."

"Briefly stated, the plans submitted by counsel
for the particular companies involved are as follows:

1.  The company will furnish the depositary
with a certificate as follows:

"Loan No. _____     Name _____

"This is to certify that adequate fire
insurance protection is being main-
tained in connection with the above
loan, and said insurance is being
held by the Investors Syndicate of
Minneapolis, Minnesota."

2.  An amendment to the trust agreement deleting
the requirement with respect to the furnishing of the as-
signments with the policies and inserting a requirement to

Honorable Jno. Q. McAdams - page 4

the effect that the company furnish a certificate similar to the form quoted above.

There is a broad discretion lodged in the Banking Commissioner in Section 7 above quoted with respect to the securities to be pledged by a loan and brokerage company. That discretion, however, is not an arbitrary one, but is that discretion that should be exercised by an executive or administrative officer charged with the duty of approving such securities as collateral to the company's outstanding obligations to the public. The statute requires such securities to be "of the reasonable market value, equal at least at all times the face value of such bonds, notes, certificates, debentures, or other obligations", where such obligations have been sold and paid for, and in cases where such obligations have been sold on installment payments "by securities having the reasonable market value equal to the withdrawal or cancellation value of such obligations outstanding." The statute thus makes the reasonable market value of the securities deposited the measure of securities required of the issuing and depositing corporations. What that reasonable market value is, has been factually submitted to the determination of the Banking Commissioner for his official approval.

Now, the plans proposed by the particular companies under consideration contemplate the deposit of notes secured by mortgage or other lien upon improved real estate, which character of instruments undoubtedly could be eligible and adequate under the test of reasonable market value of such note and lien. But where, as is usually the case, the value of the note is materially affected by the value of the buildings upon the land mortgaged, necessarily an insurance policy in favor of the holder of such paper would be an essential element in appraising the market value of the note, and consequently the adequacy of the security of which it was a part.

We are therefore of the opinion the suggestions of counsel for the companies should not be followed, for this would be to accept the personal liability of the company in lieu of the securities required by law.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
Assistant

OS-MR

APPROVED
OPINION COMMITTEE
BY
CHAIRMAN